IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER EXEQUIEL HERNANDEZ ALVARADO, | ) ) ) ) ) | CASE NO. 4:26-cv-00741 |
| Petitioner, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | ORDER |
| SHERIFF JERRY GREENE, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that Petitioner's detention violates the Immigration and Nationality Act ("INA") and deprives Petitioner of the right to due process. (R. 1).

On May 11, 2026, the Sixth Circuit issued its decision in *Lopez-Campos et al. v. Raycraft et al.*, wherein it determined that 8 U.S.C. § 1226 is the properly applied statutory provision for detaining noncitizens like Petitioner who arrived in the United States without inspection. No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026). Therein, the Sixth Circuit affirmed the judgments of district courts below, determining that the "text, canons, and past practice" support the conclusion that the petitioners were not subject to the mandatory detention provisions of 8 U.S.C. § 1225. *Id.* at *6

Respondent concedes that this decision controls the outcome of this matter, and that

Petitioner is entitled to a bond hearing under the Fifth Amendment. (R. 15).[1]

Therefore, the habeas petition (R. 1) is hereby GRANTED. Pending motions on the docket, if any, are hereby DENIED as moot. The Court ORDERS that within seven days of entry of this Order, Respondents shall either (1) provide Petitioner with a due process compliant, individualized bond redetermination hearing before an Immigration Judge, pursuant to 8 U.S.C. § 1226(a), at which the Government shall bear the burden of proving by clear and convincing evidence the justification for Petitioner's continued detention; or (2) release Petitioner from custody. The Court ORDERS the Respondent to file a Certificate of Compliance within 48 hours of the bond hearing or Petitioner's release (but no later than fourteen days from the date of this Order), which sets forth whether Petitioner remains in custody.

IT IS SO ORDERED.

Date: May 20, 2026

/s/*David A. Ruiz*
David A. Ruiz
United States District Judge

---

[1] Although Petitioner's counsel filed a response to Respondent's Notice of Adverse Decision, the contents of the main filing are blank. (R. 16). In any event, it does not impact the Court's determination.